FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 2 1 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TONY LEONARD JENKINS WILLIAMS,

                Plaintiff,

      -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER**
17–CV–6470 (AMD)

ANN M. DONNELLY, United States District Judge:

The plaintiff challenges the Social Security Commissioner's determination that he was not disabled for the purposes of receiving Supplemental Security Income ("SSI") under the Social Security Act. For the following reasons, I affirm the ALJ's disability determination. The plaintiff's motion for judgment on the pleadings is denied, and the defendant's cross-motion is granted.

On December 18, 2013, the twenty-two-year-old plaintiff applied for SSI, alleging that he is disabled because of asthma, lumbar degenerative disease, depression, schizophrenia, and post-traumatic stress disorder (PTSD). (Tr. 17, 169.) The plaintiff's claim was denied, and he sought a hearing. (Tr. 167–68.) On December 3, 2015, Administrative Law Judge ("ALJ") David Suna conducted a videoconference hearing, at which the plaintiff and a vocational expert testified. (Tr. 33–83.) Because he did not have a complete record of the plaintiff's mental health problems, the ALJ ordered the plaintiff to undergo two additional consultative examinations, and obtained additional medical evidence after the hearing. (Tr. 81–83.)

On March 23, 2016, the ALJ found that the plaintiff was not disabled because his severe impairments did not meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P,

1

Appendix 1. (Tr. 17.) The ALJ also found that the plaintiff had the residual functional capacity ("RFC") to perform light work, limited to "simple, routine tasks" and "occasional interaction with co-workers and supervisors, and no interaction with the public." (Tr. 20.) In addition, the ALJ concluded that the plaintiff should have regularly scheduled breaks and be "off task" 10% of the time.[1] (*Id.*) The Appeals Council affirmed the ALJ's decision on June 26, 2017 (Tr. 1–6), and the plaintiff appealed to this Court (ECF No. 1). The plaintiff moved for judgment on the pleadings (ECF No. 17), and the defendant cross-moved for judgment on the pleadings (ECF No. 20).

## DISCUSSION

A district court may set aside a Commissioner's final decision only if the decision rests on legal error or is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal citation omitted). If the Commissioner's findings as to any fact are supported by substantial evidence, those findings are conclusive. *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). The plaintiff makes two

---

[1] Certain exertional limits applied as well: the plaintiff should not climb ladders and scaffolds or crawl, must only occasionally climb ramps and stairs, stoop, kneel, crouch, or balance, and should avoid "bronchial irritants" and "avoid exposure to poorly ventilated areas." (Tr. 20.)

2

arguments—that the ALJ should have given more weight to a social worker's opinion, and that the ALJ's RFC finding was not supported by substantial evidence. (ECF No. 23.)

The plaintiff's social worker, Jennifer Hili, reported that the plaintiff suffered from hallucinations and PTSD, and opined that if the plaintiff was "triggered, all of [his] functioning would potentially be affected." (Tr. 465–66.) The ALJ gave this opinion only partial weight, because Ms. Hili treated the plaintiff for only several months and because her assessment was vague. (Tr. 24–25.) The plaintiff concedes that licensed clinical social workers are not considered "acceptable medical source[s]," and that Ms. Hili's opinions are not entitled to controlling weight. (ECF No. 23 at 16–17.) *See Anderson v. Astrue*, No. 09–CV–94, 2010 WL 2520950, at *5 (N.D.N.Y. May 20, 2010), *report and recommendation adopted*, No. 09–CV–94, 2010 WL 2520926 (N.D.N.Y. June 15, 2010) ("[T]reating 'other source[s]'" that are not "acceptable medical source[s] . . . are not entitled to controlling weight."). He argues, however, that the ALJ should have given Ms. Hili's opinion greater weight because her opinion was "consistent" with other evidence in the record, and she was a treating source. (ECF No. 23 at 16–21.)

Under SSR 06-03p, an ALJ may use evidence from "other sources," like a social worker, "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010) (citation omitted). "The amount of weight to give such opinions is based in part on the examining and treatment relationship, length and frequency of the examinations, the extent of relevant evidence given to support the opinion, and consistency with the record as a whole." *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 386 (W.D.N.Y. 2015) (citing 20 C.F.R. § 416.927(c)). An ALJ is "not compelled to assign significant or controlling weight to the

3

opinions" of social workers, *Wright v. Colvin*, No. 12–CV–0440, 2013 WL 3777187, at *5 (N.D.N.Y. July 17, 2013), and is "free to conclude that the opinion of a licensed social worker [is] not entitled to any weight, [as long as] the ALJ . . . explain[s] that decision," *Canales*, 698 F. Supp. 2d at 344. *See Petell v. Comm'r of Soc. Sec.*, No. 12–CV–1596, 2014 WL 1123477, at *11 (N.D.N.Y. Mar. 21, 2014) ("Although the Social Security Regulation provides that the ALJ should explain the weight given to an 'other source,' the ALJ need only 'ensure[] that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning.'" (quoting SSR 06-03p, 2006 WL 2329939, at *6) (August 9, 2006)).

The record includes two statements from Ms. Hili: a medical source statement from December 2014 and a March 2015 psychosocial evaluation.[2] (Tr. 464–70.) Ms. Hili opined that the plaintiff had hallucinations and PTSD, which made his "work[] and task completion unpredictable." (Tr. 466.) ALJ Suna pointed out that Ms. Hili made her December 2014 assessment after only four months of treatment. (Tr. 24.) Even then, she "did not provide any specific assessment on the claimant's abilities and limitations" and suggested only "vague limitations." (Tr. 24–25.) Finally, the ALJ noted that Ms. Hili evaluated the plaintiff when he was not taking his medication. *See Barco v. Comm'r of Soc. Sec.*, 330 F. Supp. 3d 913, 920 (W.D.N.Y. 2018) (affirming the ALJ's determination that a social worker's opinion was accorded "very limited weight" because "the Plaintiff had not been compliant with his treatment at the time of [the social worker's] evaluation."). The ALJ's assessment, supported by the

---

[2] The plaintiff argues that the ALJ should have "reconnected with" the plaintiff's social worker (ECF No. 23 at 21), but does not identify any gap in the administrative record that prevented the ALJ from reaching a disability ruling. *See Carvey v. Astrue*, 380 F. App'x 50, 53 (2d Cir. 2010) (summary order) (Where "the record evidence was adequate to permit the ALJ to make a disability determination," the ALJ is not "obligated *sua sponte* to recontact the treating physicians." (citing *Perez v. Chater*, 77 F.3d 41, 47–48 (2d Cir. 1996))).

record, was not erroneous. That is particularly true since a social worker's opinion is not entitled to any weight. *See Martino v. Comm'r of Soc. Sec.*, No. 17–CV–1071, 2018 WL 5118318, at *8 (W.D.N.Y. Oct. 19, 2018) ("[D]isagreement with the ALJ's assessment and weighing of the evidence" does not warrant remand where "[t]he ALJ adequately explained his reasoning for assigning 'little weight' to the opinion of [the treating social worker].").

The plaintiff's citation to SSP 06-03p, which provides that "it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion," does not compel a different result. (ECF No. 23 at 17.) Ms. Hili was not a "medical source," and thus, the regulation is not applicable. *See* SSP 06-03p, 2006 WL 2329939, *4 (explaining that "teachers, school counselors, social workers, and others who have seen the individual in their professional capacity" are "non-medical sources").

The plaintiff also challenges the ALJ's RFC finding that the plaintiff could perform light work with exertional and non-exertional limits. (ECF No. 23 at 21–25.) Citing reports from Dr. Atalla, a consultative orthopedic specialist and Dr. Archbald, a consultative internal medicine physician, the plaintiff claims that the RFC determination does not accommodate his limitations and is not supported by substantial evidence. I disagree. Dr. Archbald stated that the plaintiff had limitations in bending, lifting and carrying, kneeling, and climbing stairs (Tr. 483–84), while Dr. Atalla opined that he had moderate limitations in these activities (Tr. 452–53). ALJ Suna took these limitations into account; he specified that the plaintiff should never climb ladders and climb ramps and stairs only occasionally, and that he should stoop, kneel, crouch, or balance only occasionally. (Tr. 20.) The ALJ's finding that the plaintiff could perform light work (*id.*)

5

was consistent with Dr. Atalla's opinion that the plaintiff had moderate limitations in standing (Tr. 453). *See Carroll v. Colvin*, No. 13–CV–456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) ("[C]ourts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing." (citations omitted)). The ALJ also accounted for the plaintiff's asthma by limiting his exposure to "bronchial irritants" and "poorly ventilated areas." (Tr. 20.) The ALJ's RFC determination is supported by substantial evidence, and is, therefore, affirmed.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for judgment on the pleadings is denied, and the defendant's cross-motion is granted. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      December 21, 2018